**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 14 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEVIN ERNESTO AYALA DE PAZ, | No. 21-70599 |
| Petitioner, | Agency No. A205-814-150 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2023**
Pasadena, California

Before: GILMAN,*** FORREST, and H.A. THOMAS, Circuit Judges.

Petitioner Kevin Ernesto Ayala De Paz, a citizen of El Salvador, seeks review

of the Board of Immigration Appeals' (BIA) decision affirming the Immigration

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Judge's (IJ) order denying him asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.[1]

1.    ***Asylum & Withholding of Removal.*** The agency did not err in finding that Ayala de Paz failed to establish a nexus between his feared persecution and a protected ground, which is dispositive of his claims for asylum and withholding of removal.[2] *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *see also Sarkar v. Garland*, 39 F.4th 611, 623 (9th Cir. 2022) (finding that the petitioner failed to establish a nexus to a protected ground where his evidence pointed to "generalized crime").

Ayala De Paz contends that the agency erred by citing to *Matter of A-B-*, 27 I. & N. Dec. 316 (A.G. 2018) (*Matter of A-B- I*), to support its lack-of-nexus conclusion. But the IJ did not base her decision on "a strong presumption against

---

[1]We lack jurisdiction to review Ayala De Paz's argument that we should remand and direct termination of the proceedings because of alleged defects in his Notice to Appear, because he failed to raise this issue to the agency. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022).

[2]Ayala De Paz exhausted his asylum and withholding-of-removal arguments where he presented them at least before the IJ and the BIA issued a *Matter of Burbano* affirmance, 20 I. & N. Dec. 872 (BIA 1994), even though the BIA described his arguments as "cursory." *See Mutuku v. Holder*, 600 F.3d 1210, 1213 (9th Cir. 2010).

asylum claims based on private conduct," *Matter of A-B-*, 28 I. & N. Dec. 307, 309 (A.G. 2021), and the agency's nexus finding is supported by substantial evidence independent of any change in the law after *Matter of A-B- I. See Zetino*, 622 F.3d at 1016; *see also Sarkar*, 39 F.4th at 623. Remanding would therefore be futile. *See Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019).

2. ***CAT.*** Substantial evidence supports the agency's denial of CAT protection where Ayala De Paz testified that he was threatened twice, physically harmed only once, and his country-conditions evidence does not show that he particularly faces a likelihood of torture if removed to El Salvador.[3] *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 705–07 (9th Cir. 2022).

**PETITION DENIED.**

---

[3]We conclude that Ayala De Paz exhausted his CAT arguments for the same reason we conclude that he exhausted his asylum and withholding-of-removal claims.